1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN SCOTT BJORNSON,

                              Plaintiff,

       v.

EQUIFAX INC., DISCOVER CARD,
USAA BANK, FIRST NATIONAL BANK
OF OMAHA, and BANK OF AMERICA,

                              Defendants.

CASE NO. 20-cv-05449-RJB

ORDER DENYING PLAINTIFF'S
MOTION FOR ENTRY OF
DEFAULT AND GRANTING
DEFENDANT USAA FSB'S
MOTION FOR EXTENSION OF
TIME TO FILE ANSWER

       THIS MATTER comes before the Court on Plaintiff's Motion Requesting that the Clerk

Enter Default ("Motion for Entry of Default") (Dkt. 25) and Defendant USAA FSB's Motion for

Extension of Time to File Answer (Dkt. 28). The Court has considered the pleadings filed

regarding the motions and the remaining file herein. For the reasons set forth below, Plaintiff's

Motion for Entry of Default should be denied, and Defendant USAA FSB's Motion for

Extension of Time to File Answer should be granted.

ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND GRANTING DEFENDANT
USAA FSB'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER - 1

1       Plaintiff, proceeding pro se, filed a complaint in this action and had his application to

2 proceed in forma pauperis approved on June 17, 2020. Dkts. 4; and 5. Plaintiff alleges that he

3 suffered multimillion dollar damages when defendants, various financial institutions and credit

4 bureaus, conspired together and failed to properly handle a fraud alert related to identity theft and

5 various reported debts. Dkt. 5. Plaintiff claims, *inter alia,* violation of the Fair Credit Reporting

6 Act, codified at 15 U.S.C. § 1681. Dkt. 5.

7       Plaintiff's instant Motion for Entry of Default alleges that Plaintiff served a summons and

8 a copy of the complaint on Defendant USAA FSB (referred to throughout the record under

9 various other monikers, including USAA Bank, USAA FSB, USAA, USAA Credit Card, and

10 USAA Federal Savings Bank). Dkts. 12; and 25, at 11. It appears that the summons was issued

11 *en masse* against all defendants. *See* Dkt. 6.

12       On July 9, 2020, Plaintiff filed a second return of service, and his Affidavit of Service

13 indicates service on USAA FSB in San Antonio, TX, "by leaving [the summons, complaint,

14 attachment, declaration, and "Add on"] with [*sic*] USAA process Server delivery box who as NA

15 [*sic*] is authorized by appointment or by law to receive service of process for USAA FEDERAL

16 SAVINGS BANK …. as per USAA instructions." Dkt. 18, at 1.

17       On July 15, 2020, USAA FSB's counsel emailed Plaintiff, informing him of USAA

18 FSB's intent to defend the suit, requesting additional time to respond to the Complaint, and

19 opening settlement discussions. Dkt. 28-1. Plaintiff apparently did not respond to the email and

20 filed the instant Motion for Entry of Default two days later. Dkts. 25; and 28. On the same day,

21 USAA FSB filed a response in opposition to the instant motion and moved for an extension of

22 time to file an answer (August 23, 2020). Dkt. 28 (the instant Motion for Extension of Time to

23 File Answer portion of the response is noted for August 7, 2020).

24

In general, a defendant must serve an answer or other response to a plaintiff's complaint within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Although appearance in an action typically involves some presentation or submission to the court, a defending party may appear for Fed. R. Civ. P. 55 (default; default judgment) purposes if it has "indicated to the moving party a clear purpose to defend the suit." *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (citing *Muñiz v. Vidal,* 739 F.2d 699, 700 (1st Cir.1984) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C. Cir. 1970)).

To the extent Plaintiff perfected service of process on July 3, 2020 (see Dkt. 18; see also Dkt. 28, at 8 ("USAA FSB does not admit that the July 3, 2020, service was proper")), USAA FSB's deadline to answer the complaint would not be until July 24, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff's instant motion was thus filed prematurely. Moreover, USAA FSB's response brief, email to Plaintiff, and notice of appearance by an attorney (Dkt. 27) sufficiently constitute an appearance and indicate USAA FSB's clear purpose to defend the suit. Therefore, Plaintiff's Motion for Entry of Default (Dkt. 25) should be denied.

USAA FSB moves for an additional 30 days to investigate the allegations in the Complaint and related documents. Dkt. 28, at 8. In light of the apparent issues related to service of process and the length of Plaintiff's complaint, USAA FSB's Motion for Extension of Time to File Answer should be granted. USAA FSB's deadline to answer the complaint is August 23, 2020.

## **ORDER**

**THEREFORE, IT IS HEREBY ORDERED THAT:**

- Plaintiffs' Motion for Entry of Default (Dkt. 25) is **DENIED;**

- Defendant USAA FSB's Motion for Extension of Time to File Answer (Dkt. 28) is **GRANTED.** Defendant USAA FSB's deadline to answer the complaint is **August 23, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of July, 2020.

ROBERT J. BRYAN
United States District Judge