**The Honorable Robert J. Bryan**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| KEVIN S BJORNSON,<br>    Plaintiff,<br>vs.<br><br>FIRST NATIONAL BANK OF OMAHA, ET. AL.,<br>    Defendants. | No. 3:20-cv-05449-RJB<br><br>FIRST NATIONAL BANK OF OMAHA'S MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>August 21, 2020 |

FIRST NATIONAL BANK OF OMAHA ("FNBO"), by and through undersigned counsel, requests that this Court dismiss the Complaint filed by Kevin S. Bjornson ("Plaintiff") against FNBO because Plaintiff is statutorily or otherwise barred from bringing Fair Credit Reporting Act ("FCRA"), Federal Debt Collection Practices Act ("FDCPA"), or Fair Credit Billing Act ("FCBA") claims against FNBO. FNBO has not violated the laws as alleged in Plaintiff's complaint and moves to dismiss Plaintiff's claims under Rule 12(b)(6).

**I. STATEMENT OF FACTS**

Plaintiff filed his complaint on June 17, 2020. Therein he alleges that—at the direction of a "credit repair coach"— he disputed every transaction in an account with FNBO, and

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Page 1 of 10

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

several other creditors, by sending them a letter and supporting information. (Dkt. 5 at pg. 1). He further alleges that FNBO failed to investigate his dispute and update his consumer credit report despite receiving a direct dispute from a process server on December 4, 2018. (*Id.* at pg. 3).[1] He also alleges that FNBO's actions caused him damages of $1,000,000.00. (*Id.* at pg. 4).

## II. ARGUMENT

**1. The Plaintiff Has Not Alleged Any Plausible Claims Against FNBO in this Case**

Complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation and quotation marks omitted). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more

---

[1] The process server swears that he mailed the dispute to "First Bankcard" by certified mail on December 4, 2018. (Dkt. 5, Ex. A32). Apparently, the letter was delivered to PO Box 3331 in Omaha, Nebraska on December 7, 2018 at 4:58 a.m. (*Id.* at Ex. A44, A40). Defendant fails to allege, however, any facts showing that this name and address is the proper place to send a direct dispute. In fact, the statements for the account advise Defendant to send written correspondence about potential inaccuracies in the account information to PO Box 3412. Disputes about the use of the credit card were supposed to be sent to PO Box 3696.

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

Page 2 of 10

than the mere possibility of misconduct," the complaint fails to state a claim. *Id.* at 679 (citation omitted). The Court may consider the exhibits attached to the Complaint, the documents incorporated into the Complaint by reference, documents relied upon by the Complaint whose authenticity is unquestioned, and matters of public record when determining whether the Complaint states any plausible claims. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Ordinarily, the Court would grant a plaintiff leave to amend a faulty complaint unless the Court determines that "the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quotation and citation omitted).

In this case, the Plaintiff has alleged that FNBO has violated the FCRA under the so-called "Furnisher's Rule." But that law does not give the Plaintiff the right to sue FNBO for that violation. The Plaintiff has also alleged that FNBO violated the FDCPA by making false statements or failing to take action to correct the false statements. But the FDCPA does not apply to FNBO. Finally, the Plaintiff has alleged that FNBO violated the FCBA when it did not investigate his alleged generalized billing errors. But the Fair Credit Billing Act does not give the Plaintiff a free-floating right to dispute items on his billing statements in an untimely and general manner.

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Page 3 of 10

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

Moreover, the Plaintiff's complaint names the wrong party for the FCRA and FDCPA claims. It also relies on a faulty dispute for the FCBA. None of these defects can be corrected by pleading additional facts. Accordingly, the Plaintiff has failed to state any plausible claim against FNBO and his Complaint against FNBO should be dismissed under Rule 12(b)(6).

**2. Plaintiff Does Not Have a Fair Credit Reporting Act Claim Against FNBO**

The Fair Credit Reporting Act ("FCRA") requires creditors who have furnished information to one of the credit reporting agencies to accurately report information. 15 U.S.C. § 1681s–2(a). The FCRA expressly provides consumers with a private right of action for negligent or willful violations against the credit reporting agency. *See* 15 U.S.C. § 1681n (right of action against willful violators); 15 U.S.C. § 1681*o* (right of action against negligent violators). But "Congress did not want furnishers of credit information" like FNBO "exposed to suit by any and every consumer dissatisfied with the credit information furnished." Thus, "Congress limited the enforcement of the duties imposed by § 1681s–2(a) to governmental bodies." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). If a consumer directly disputes information with a furnisher of that information, the furnisher's duties are spelled out in 15 U.S.C. § 1681s-2(a)(8) and 16 C.F.R. § 660.4. Plaintiff relies on 16 C.F.R. § 660.4, the "Furnisher's Rule," as the basis for his claim. (Dkt. 5 at. pg. 2). No private right of action exists for a violation of 16 C.F.R. § 660.4 because it is a regulation issued to implement Section 1681s-2(a). *See e.g., Corcia v. Asset Acceptance, LLC*, No. 13-

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Page 4 of 10

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

CV-6404 JFB GRB, 2014 WL 3656049, at *5 (E.D.N.Y. July 22, 2014); *Sprague v. Salisbury Bank & Tr. Co.*, No. 3:18-CV-001487 (VLB), 2019 WL 4246601, at *4 (D. Conn. Sept. 5, 2019).

A direct dispute with a furnisher of credit information must include "[t]he specific information that the consumer is disputing and an explanation of the basis for the dispute." 16 C.F.R. § 660.4(d)(2). Moreover, a direct dispute with a furnisher of credit information need not be responded to when "[t]he furnisher has a reasonable belief that the direct dispute is submitted by, is prepared on behalf of the consumer by, or is submitted on a form supplied to the consumer by a credit repair organization as defined in 15 U.S.C. 1679a(3), or an entity that would be a credit repair organization, but for 15 U.S.C. 1679a(3)(B)(i)." 16 C.F.R. § 660.4(b)(2). With some exceptions not relevant here, a credit repair organization under Section 660.4(b)(2) is:

> any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of—
>
> **(i)** Improving any consumer's credit record, credit history, or credit rating; or
> **(ii)** providing advice or assistance to any consumer with regard to any activity or service described in clause (i). . . .

15 U.S.C. 1679a(3).

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

Page 5 of 10

|   |   |
|---|---|
| 1 | Here, Plaintiff's December 4, 2020 letter asks FNBO to supply him with a laundry list of information showing that the debt is valid.  (Dkt. 5, Ex. A40-41).  It begins by citing sections of the FCBA and the FDCPA.  Nowhere does it mention the FCRA.  The December 4, 2018 letter from Plaintiff to FNBO states that "your claim is directly disputed and validation of all alleged charges is requested."  (*Id.* at Ex. A40).  The letter notes that— during the validation period—any "action" that "could be considered detrimental to any of [his] credit reports is taken. . ." then Plaintiff will consult with his "legal counsel." (*Id.* at Ex. A41).  These general statements do not specify the information in dispute or explain the basis for the dispute as required by 16 C.F.R. § 660.4(d)(2).  Therefore, the letter is not a direct dispute under the FCRA. |

The Plaintiff's letter also appears to be prepared with the assistance of a credit repair coach—who would qualify as a credit repair organization—and thus, FNBO didn't need to conduct a responsive investigation.  16 C.F.R. § 660.4(b)(2).[2]  Without an effective direct dispute, Plaintiff's FCRA claim fails as a matter of law even if he had a private right of action.

---

[2] Phrases in the letter like "your claim is directly disputed and validation of all alleged charges is requested" can be found in example letters widely available on the internet. *See, e.g.,* https://www.creditinfocenter.com/community/topic/329454-useless-and-baseless-validation-request/ (noting that a letter very similar to Plaintiff's December 4, 2018 letter has been around for "ages"); http://www.disputesuite.com/pdf/Sample letter to credit collector.pdf (hosting a similar sample letter); https://www.crediful.com/debt-validation-letter/ (hosting another similar sample letter that expressly mentions the FDCA).  A national bank like FNBO would be well aware of these forms and easily conclude that Plaintiff's letter was prepared with the assistance of a credit repair organization.

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Page 6 of 10

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

### 4. The Fair Debt Collection Practices Act Doesn't Apply to Plaintiff's Claims Against FNBO

The FDCPA prevents debt collectors from engaging in deceptive, unfair, or misleading practices when attempting to collect consumer debt. It does not generally apply to creditors like FNBO. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721, 198 L. Ed. 2d 177 (U.S. 2017) (noting that the FDCPA restricts "third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself"); 15 U.S.C. § 1692a(6)(A), (B), (F) (excluding agents of creditors and others from the FDCPA's coverage). The Complaint does not plausibly allege that FNBO is a debt collector subject to the FDCPA. (Dkt. 5) Thus, the Plaintiff's FDCPA claim should be dismissed.

### 5. The Fair Credit Billing Act Doesn't Impose Liability on FNBO

The FCBA gives consumers the right to dispute billing errors in writing with the creditor on a credit card within 60 days of receiving the first periodic statement containing the alleged error. 15 U.S.C. § 1666(a); 12 C.F.R. § 226.13(b)(1) (requiring these notices to be received by the creditor "no later than 60 days after the creditor transmitted the *first* periodic statement that reflects the alleged billing error"). If the written dispute "indicates the obligor's belief that the statement contains a billing error and <u>the amount of such billing error</u>, and sets forth the reasons for the obligor's belief (to

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

Page 7 of 10

the extent applicable) that the statement contains a billing error," then the creditor must investigate and respond. 15 U.S.C. § 1666(a)(2-3) (emphasis added).

Billing errors are limited to errors of computation, errors in the extension of credit, errors in the extension of credit that the consumer wants additional proof of, errors in not crediting payments, errors in charging for undelivered goods, and errors in the consumer's address. 15 U.S.C. § 1666(b). To succeed on an FCBA claim, Plaintiff "must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666." *Cunningham v. Bank One*, 487 F. Supp. 2d 1189, 1191 (W.D. Wash. 2007) (citations omitted).

Here, the Plaintiff fails to satisfy any of the FCBA's dispute requirements. The Plaintiff requests a laundry list of documents for the life of the account. (Dkt. 5, Ex. A41). The account was opened on February 7, 2017. (*Id*. at Ex. A37). He does not specify the transactions that are erroneous, the amount of the billing error(s), or his reasons for believing billing errors appear in the statement received on December 4, 2018 referenced in the letter. (*Id.* at Ex. A40). He fails to allege that the billing errors first appeared within 60 days of his December 2018 letter. In fact, he disputes "all alleged charges" on the credit card account. (*Id.* at Ex. A40). Most of the charges on the account were first reflected in periodic statements

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

Page 8 of 10

sent to Plaintiff more than 60 days before December 4, 2018.  An FCBA claim based on those charges is untimely.

FNBO responded to the faulty dispute within 60 days with information, supporting documents, and its reasons for believing that Plaintiff had incurred the transactions, and owed the debt.  (Dkt. 5, Ex. A37-38).  15 U.S.C. § 1666(a)(B).  Instead of challenging this response, Plaintiff demanded money from FNBO and then hauled FNBO into court.

As the Plaintiff's FCBA claim does not satisfy 15 U.S.C. § 1666, it is without merit and should be dismissed.

### 6. Giving the Plaintiff Leave to Amend his Complaint is Futile

The Plaintiff cannot correct the deficiencies in his Complaint.  He is not entitled to enforce the FCRA's requirements against FNBO because FNBO is a furnisher of credit information to the credit reporting agencies.  FNBO is not a debt collector, and cannot therefore be liable under the FDCPA.  Finally, the FCBA requires notice of a dispute to set out a billing error—as defined by that law--and the amount of the billing error.  The notice sent to FNBO failed to provide the necessary information in the necessary time.  The notice was not even sent to the proper address for FNBO as designated by the notice on the periodic statement that allegedly contained the error.  The Plaintiff cannot therefore salvage his faulty FCBA claim, or any of his claims even if he is given leave to amend his complaint.

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Page 9 of 10

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com

### III.  CONCLUSION

FNBO respectfully requests that this Court dismiss all of the Plaintiff's claim against it under Rule 12(b)(6).  The Plaintiff has failed to state any plausible claim for which he is entitled to relief. FNBO further submits that the Plaintiff should not be allowed to amend his Complaint as any amendment would be futile.  FNBO also requests costs under Rule 54 (d)(1).

RESPECTFULLY SIGNED this 23rd day of July, 2020.

LAW OFFICE OF JAMES R. VAUGHAN, P.C.

_/s/ Adil A. Siddiki_____
Adil A. Siddiki, WSBA No. 37492
adil@recoveryatty.com
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
*Attorney for First National Bank of Omaha*

### CERTIFICATE OF SERVICE

I hereby certify that on  July 23, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed July 23, 2020 in Seattle, Washington.

_/s/ Adil A. Siddiki_____
Adil A. Siddiki, WSBA No. 37492

First Nation Bank of Omaha's Motion to Dismiss
3:20-cv-05449-RJB

Page 10 of 10

Law Office of James R. Vaughan, P.C.
1416 NW 46th St., Ste 105-436
Seattle, WA 98107
(866) 833-9411 Washington@RecoveryAtty.com