UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN BJORNSON,

        Plaintiff,

v.

EQUIFAX INC., et al.,

        Defendants.

CASE NO. 20-cv-5449 RJB

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND THE SUMMONS

This matter comes before the Court on Plaintiff's Motion to Amend the Summons. Dkt. 46. The Court has considered the pleadings filed regarding the motion and the remainder of the record herein. For the reasons set forth below, the motion should be denied without prejudice.

Plaintiff, proceeding pro se, claims damages against the defendants, who are various financial institutions and credit bureaus. Dkt. 5. Plaintiff has filed motions for entry of default against three of the defendants (Dkt. 25; 32; and 38); the Court denied Plaintiffs motion for entry of default against Defendant USAA Federal Savings Bank ("USAA FSB)" (Dkt. 34), but the Clerk made entries of default against Defendants Equifax Inc. (Dkt. 42) and Discover Card (Dkt. 44).

1  Plaintiff's instant motion requests leave to amend the summons apparently issued to the
2  five defendants in this case. Dkt. 46. The summons in this case is addressed to all five
3  defendants. Dkt. 6. It appears that Plaintiff served a copy of the summons and complaint on each
4  of the defendants individually. Dkts. 11–12; and 15–18. The instant motion indicates that
5  Plaintiff wishes to reissue an amended, individually addressed summons on each of the
6  defendants. Dkt. 46. It appears that Plaintiff believes he erred in having the summons addressed
7  to multiple defendants.  *See* Dkt. 46. The instant motion apparently provides copies of the
8  proposed amended summonses. Dkt. 46-2. Plaintiff has made no apparent changes to the
9  proposed amended summonses except for taking the multiple addressees listed on the original
10 summons and listing them across five individual summonses. *Compare* Dkt. 46-1, *with* Dkt. 46-
11 2.

12  It is unclear why Plaintiff believes that he erred in addressing the summons to multiple
13 defendants, although it may be that one or more of the defendants has suggested that doing so
14 was erroneous. *See, e.g.*, Dkt. 28, at 7 (Defendant USAA FSB's response in opposition to
15 Plaintiff's motion for entry of default states that "Plaintiff requested not that summons be issued
16 to USAA FSB specifically in accordance with Rule 4, but that a summons be issued *en masse* to
17 all of the defendants named herein.").

18  Plaintiff's instant motion should be denied without prejudice because it appears granting
19 Plaintiff leave to amend the summons as proposed would only waste the resources of the parties
20 and the court. Based on the Court's independent research, it does not appear that a summons
21 addressed to multiple defendants is necessarily prohibited:

22  The language of Rule 4(b) makes clear that when multiple
    defendants are to be served, a copy of the summons issued by the
23  clerk may be served on each defendant. The Advisory Committee
    Notes following Rule 4 further explain that "[i]f there are multiple
24

ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO AMEND THE
SUMMONS- 2

defendants, the plaintiff may secure issuance of a summons for each defendant, *or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified.*"

*New York Transp., Inc. v. Naples Transp., Inc.,* 116 F. Supp. 2d 382, 386 (E.D.N.Y. 2000) (emphasis added).

Here, it appears that the addressees of the summons are effectively identified and that fracturing the summons into multiple summonses would achieve no notice or service of process not already performed by Plaintiff.

Therefore, Plaintiff's Motion to Amend the Summons (Dkt. 46) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of July, 2020.

_____
ROBERT J. BRYAN
United States District Judge