THE HONORABLE ROBERT J. BRYAN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| KEVIN SCOTT BJORNSON,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INC.; DISCOVER CARD; USAA CREDIT CARD; BANK OF AMERICA; and FIRST NATIONAL BANK CARD,<br><br>Defendants. | Case No. 3:20-CV-05449-RJB<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5)**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 28, 2020** |

NOW COMES defendant Bank of America, N.A. ("BANA"), through the undersigned counsel, and moves to dismiss plaintiff Kevin Scott Bjornson's ("Plaintiff") Complaint (Dkt. #5, the "Complaint").

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 8, and 12(b)(4)–(6), BANA moves for an Order of Dismissal of this lawsuit as to BANA. Plaintiff's Complaint consists of a rambling amalgamation of unnumbered allegations containing multiple citations to federal statutes (cited out of context), buzzwords, legal conclusions and indecipherable allegations but does not state a claim for which relief may be granted as to BANA. For the sake of brevity, the Complaint appears to allege some violation of the Fair Debt Collection Practices Act and/or the Fair Credit Reporting Act (or some

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 1

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

mixture thereof). Plaintiff appears to allege or imply, without sufficient factual support, that he is, or has been the victim of identity theft and that BANA's response to his disputes pursuant to the Fair Credit Billing Act, the Fair Debt Collection Practices Act and/or the Fair Credit Billing Act was deficient or improper.

The Court should dismiss the Complaint because none of Plaintiff's claims provides a short and plain statement showing that he is entitled to relief as required by Fed. R. Civ. P. 8; thus, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Given the pleading defects appearing throughout Plaintiff's Complaint, the Court should dismiss the claims alleged against BANA.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Background[1]

The Complaint is largely devoid of concrete factual allegations related to (1) the injuries Plaintiff seems to allege that he suffered; (2) BANA's relationship to those injuries; (3) or BANA's liability for the injuries. Primarily, Plaintiff seems to allege that he was the victim of some identity theft and that BANA, along with the other named defendants, engaged in some "conspiracy" when they failed to take some undefined action that resulted in Plaintiff sustaining damages of over $1,000,000.00. Complaint, at p. 4. Plaintiff further alleges that BANA, in conspiracy with Equifax, failed to validate debts and violated its billing rights agreement. *Id*. Plaintiff, however, does not provide any facts specifying how or when the identity theft occurred, how he notified BANA, how BANA conspired with Equifax or the other defendants, nor does Plaintiff explain the causal link from the alleged identity theft, failure to validate, credit reporting or "conspiracy" to BANA. Furthermore, Plaintiff does not provide any specific factual support to explain how or why he believes BANA violated any specific statute. Plaintiff's bare legal conclusions that BANA violated federal statutes are insufficient to support any claim for relief.

---

[1] BANA accepts the allegations of the Complaint as true for purposes of this motion only.

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 2

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

In addition to the factual deficiencies in Plaintiff's complaint, Plaintiff also fails to differentiate between the Defendants. Plaintiff identifies five separate defendants but fails to identify any actions or omissions attributable to any specific Defendant. (*See generally* Complaint.) The Complaint's lack of any allegations specifically attributable to BANA fails to provide BANA with fair notice of Plaintiff's claims against it (as opposed to any other "Defendants"), or the grounds upon which any such claims may rest. Instead, Plaintiff makes conclusory statements about failures or insufficient responses that he alleges are attributable to all Defendants. For example, Plaintiff alleges that the "Defendant(s) defamed the reputation of Plaintiff while violating his consumer credit reporting rights" and that "Defendant(s) failed to update the fraud alert on the consumer's credit report."; however, Plaintiff does not explain how any action taken by BANA in relation to his BANA credit card account "defamed" him. *Id.* at Attachment to Complaint, p. 4. Moreover, Plaintiff does not explain what events constitute the "fraud" nor does he make specific factual allegations to support BANA's participation in the "fraud". *Id.*

**B.  Procedural Background**

Plaintiff filed his first pleading in this action on May 11, 2020, and filed the Complaint on or about June 17, 2020. *See* Docket.

**III.  STANDARD OF REVIEW AND LEGAL ARGUMENT**

As an initial matter, Plaintiff must fully comply with the Federal Rules of Civil Procedure and the local rules of this Court despite his *pro se* status. *Copeland v. City of Camas*, No. C19-5935-BHS-MLP, 2019 WL 7811332, at *1 (W.D. Wash. Dec. 6, 2019), *report and recommendation adopted*, No. C19-5935 BHS, 2020 WL 488644 (W.D. Wash. Jan. 30, 2020) ("Although Plaintiff's *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, he still must meet the requirements of the rules.").

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 3

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

**A.   Plaintiff fails to state a claim for relief and the Complaint should be dismissed pursuant to Rule 12(b)(6)**

The Court should dismiss the Complaint as to BANA because Plaintiff fails to allege specific allegations or facts showing he is entitled to relief. The Complaint also fails to state a claim for relief that is plausible on its face as to BANA.

    1.   Legal Standard for Dismissal under Rule 8 and Rule 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015). A complaint must provide fair notice to a defendant and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). The allegations in the complaint must "nudge" a plaintiff's claims "across the line from conceivable to plausible" and allow the court to infer "more than the mere possibility of misconduct." *Somers v. Apple, Inc.*, 729 F.3d 953, 966 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). Additionally, a complaint must be dismissed when it fails to allege "with even modest particularity the dates and places of the alleged transactions." *Poblete v. Goldberg*, 680 F.Supp.2d 18, 19 (D.D.C. 2009) (internal quotation marks and citation omitted).

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability." *McCann v. Quality Loan Serv. Corp.*, 729 F.Supp.2d 1238, 1240 (W.D. Wash. 2010) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 557) (internal quotes omitted). "Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 4

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 557).

"Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation." *Id*. (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 556). If the Court finds that dismissal is warranted, it should grant Plaintiff leave to amend the Complaint unless amendment would be futile. *Id*.

          2.     <u>Plaintiff's Complaint fails to meet the requirements of Rule 8 and 12(b)(6)</u>

The Complaint should be dismissed because it fails to allege any specific causes of action against BANA or any specific factual allegations explaining how BANA is or may be liable to Plaintiff. Instead, the Complaint is a long and confusing collection of legal conclusions and nebulous allegations of a fraud, conspiracy, and recitations of Federal Statutes, coupled with undefined failures by BANA and the other defendants to properly comply with those statutes. Plaintiff does not specify any factual bases explaining how he was injured; what BANA's relationship is to Plaintiff's alleged injury; or how the existence of the fraud or identity theft connects BANA to Plaintiff's alleged injuries.

For example, Plaintiff alleges that Equifax's failure to properly handle Plaintiff's dispute were in "conspiracy" [with the actions taken by BANA (and other defendants)] by failing to "block" each of the Defendants from reporting and by delaying the dispute process in aid of the "conspiracy" to aid the Defendants in their failure to "validate" the debts challenged by Plaintiff. Complaint, at 4. The Complaint, however, does not specify or identify any of the nouns in the previous sentence. Plaintiff does not explain which "debts" are at issue; what the "fraud" was; how the Defendants "conspired" or how any action taken by BANA harmed Plaintiff. Moreover, Plaintiff does not provide any factual support, whatsoever, that BANA had any duty to "validate" his debt, either pursuant to the FDCPA or the FCRA.

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 5

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

                    a.        *Plaintiff improperly "lumps" all Defendants together.*

Courts routinely dismiss complaints that simply "lump together" several defendants "in a single, broad allegation." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing complaint); *see also Carranza v. U.S. Bank, N.A.*, No. 2:15-cv-1471-GMN-CWH, 2016 U.S. Dist. LEXIS 55410, at *7 (D. Nev. Apr. 25, 2016) (dismissing complaint where "Plaintiffs refer generally to 'Defendants' without specifying or delineating which Defendant took which action"); *Flores*, 997 F.Supp.2d at 1103 (dismissing complaint that "lumps defendants (and apparently others) together and fails to distinguish adequately claims and alleged wrongs among defendants and others"); *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F.Supp.2d 1186, 1197 (E.D. Cal. 2013) (same); *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1020 (N.D. Cal. 2006) ("[P]laintiffs' allegations are insufficient in that they are ascribed to defendants collectively rather than to individual defendants."). "Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently." *Flores*, 997 F.Supp.2d at 1103 (quoting *Van Dyke Ford, Inc. v. Ford Motor Company*, 399 F. Supp. 277, 284 (E.D. Wis. 1975). Dismissal under Rule 8 is justified when a complaint "lacks specific, clearly defined allegations of each defendant's alleged wrongs to give fair notice of claims plainly and succinctly." *Id*.

Here, the Complaint does not differentiate between the Defendants. Plaintiff identifies five separate defendants in the opening of his pleading but fails to identify any actions or omissions attributable to any specific Defendant. (*See generally* Complaint.)  The Complaint's indiscriminate use of the term "Defendants" and its lack of any allegations specific to BANA fails to provide BANA with fair notice of Plaintiff's claims against it (as opposed to any other "Defendants"), or the grounds upon which any such claims may rest. As a result, Plaintiff's complaint should be dismissed.

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 6

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

    b.  *Plaintiff fails to state a claim for violation of the Fair Credit Reporting Act.*

To the extent that Plaintiff attempts to state a cause of action against BANA for violation of the Fair Credit Reporting Act, Plaintiff does not allege, in even the vaguest terms, that he properly disputed any debt with Equifax (or any other or that Equifax notified BANA of his dispute. Instead, Plaintiff alleges that he mailed "all the documents" to Equifax for Equifax to "validate" his debt. (ECF #5-1, Attachment to Complaint, p. 2.)

Congress enacted the FCRA, 15 U.S.C. §§ 1681–1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S. Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007). As an important means to this end, the Act sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s–2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information," and includes the following duty:

  (3) Duty to provide notice of dispute

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

  § 1681s–2(a)(3).

Section 1681s–2(b) imposes a second category of duties on furnishers of information.

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 7

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

These obligations are triggered "upon notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRAs promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s–2(b) provides that, after receiving a notice of dispute, the furnisher shall:

>   (A)    conduct an investigation with respect to the disputed information;
>
>   (B)    review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2);
>
>   (C)    report the results of the investigation to the [CRA];
>
>   (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information; and
>
>   (E)    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) ... (i) modify ... (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].

§ 1681s–2(b)(1).

<u>These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)</u>. *See id.; Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059–60 (9th Cir.2002) (emphasis added).

Here, Plaintiff does not allege, in even to most conclusory manner, that he properly disputed the reporting of his BANA credit card account with the CRAs or that BANA *received notification* of the dispute from any CRA. Having failed to sufficiently allege that BANA had proper notice under the FCRA such as to trigger its duty to investigate Plaintiff's claims, Plaintiff fails to state a private cause of action under FCRA and his claim must be dismissed, as a matter of law.

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 8

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

     c. *Plaintiff fails to state a claim for violation of the Fair Debt Collection Practices Act.*

  To the extent that Plaintiff attempts to state a cause of action against BANA for violation of the Fair Debt Collection Practices Act ("FDCPA"), as a threshold matter, Plaintiff does not allege and cannot show that BANA is a debt collector under FDCPA. The FDCPA defines a debt collector as "any person ... who regularly collects or attempts to collect … debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Unlike debt collectors, creditors typically are not subject to the FDCPA." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (citation omitted). "[U]nder the plain language of the FDCPA a bank ... does not qualify as a 'debt collector' where the bank does not regularly collect or attempt to collect on debts 'owed or due another' and where 'the collection of any debts' is not 'the principal purpose' of the bank's business." *Davidson*, 797 F.3d at 1311 (citing § 1692a(6)).

  Having failed to allege, in even the most general terms, that BANA is subject to compliance with FDCPA, Plaintiff cannot maintain a cause of action against BANA for violation of that act. Furthermore, even if BANA could show a violation (which he cannot) Plaintiff nevertheless fails to allege facts to support how BANA failed to comply with the FDCPA sufficient to state a claim. Moreover, Plaintiff cannot legally support a claim that any creditor's failure to "validate" his debt created a resultant obligation to delete or suppress credit reporting under FCRA. (Attachment to Complaint, pp. 5-6.) Since Plaintiff cannot state a claim against BANA under FDCPA, Plaintiff's Complaint must be dismissed.

     d. *The remainder of Plaintiff's "claims" fail.*

  Plaintiff's Complaint also alludes to the Equal Credit Opportunity Act as well as the Fair Credit Billing Act. (Attachment to Complaint, pp. 7-8.) However, Plaintiff fails to allege that he is entitled to protection under those acts, the actions taken by BANA in violation of those acts or how he was harmed.

  Plaintiff's confusing and factually barren pleading leaves BANA with the impossible task

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 9

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1  of sifting through legal conclusions and buzzwords to try to identify those that might relate to a
2  claim for relief. Therefore, Plaintiff has failed to place BANA on reasonable notice of the
3  substance of the dispute, the allegations made against it, or the relief sought for the alleged
4  wrongdoing. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Accordingly, the Complaint
5  should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint as to BANA.

DATED this _____ day of _____, 2020.

*s/Daniel J. Oates*
Daniel J. Oates, WSBA No. 39334
*s/Katie Loberstein*
Katie Loberstein, WSBA No. 51091
MILLER NASH GRAHAM & DUNN LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA  98121-1128
Tel:  (206) 624-8300
Fax:  (206) 340-9599
Email: dan.oates@millernash.com
          katie.loberstein@millernash.com

Attorneys for Defendant Bank of America, N.A.

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #5) - 10

574830-0038/4852-0842-9763.1

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

# DECLARATION OF SERVICE

I, Jennifer Schnarr, hereby declare under penalty of perjury under the laws of the United States that on this _____ day of _____, 2020, the foregoing document was filed using the CM/ECF system which will send notice of the same to all parties listed, at the addresses set forth below.

| Party | Service Method |
|---|---|
| Kevin Scott Bjornson<br>407 E young St<br>Elma, WA 98541<br>kevinscottbjornson@gmail.com<br>Pro Se Plaintiff | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☐ Email: |
| Aaron A. Wagner, WSBA No. 51905<br>POLSINELLI PC<br>1000 Second Avenue, Suite 3500<br>Seattle, WA 98104<br>Tel: 206-393-5442<br>Fax: 206-393-5401<br>Email: aawagner@polsinelli.com<br>Counsel for Defendant USAA Federal Savings Bank | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ Email: aawagner@polsinelli.com |
| Discover Card<br>c/o CT Corporation System<br>711 Capitol Way S. Ste 204<br>Olympia, WA 98501 | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☐ Email: |
| First National Bank Card<br>3015 Glimcher Blvd.<br>Hermitage, PA 16148 | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☐ Email: |
| Equifax Inc.<br>c/o Corporation Service Company<br>300 Deschutes Way SW<br>Ste 208-MC-CSC1<br>Tumwater, WA 98501 | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☐ Email: |

SIGNED at Burien, Washington this ____ day of _____, 2020.

_____
Jennifer L. Schnarr, Legal Assistant

DECLARATION OF SERVICE - 11

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

574830-0038/4852-0842-9763.1