THE HONORABLE ROBERT J. BRYAN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

KEVIN SCOTT BJORNSON,

    Plaintiff,

  v.

EQUIFAX INC., DISCOVER CARD, USAA
BANK, FIRST NATIONAL BANK OF
OMAHA, AND BANK OF AMERICA,

    Defendants.

CASE NO. 3:20-cv-05449-RJB

**USAA FEDERAL SAVINGS BANK'S**
**MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR:**
**September 18, 2020**

   Defendant USAA Federal Savings Bank ("USAA FSB" or "Defendant"), by and through the undersigned counsel, requests this Court dismiss the Complaint filed by Kevin Scott Bjornson ("Plaintiff") against USAA FSB for the reasons set forth below. In short, Plaintiff cannot state a claim based upon any alleged act by USAA FSB and thus the Complaint should be dismissed under Rule 12(b)(6). And because amendment would be futile, all claims against USAA FSB should be dismissed with prejudice.



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

## I.   STATEMENT OF FACTS

Plaintiff filed his complaint (Doc. 5) and the extensive supplements thereto (Docs. 5-1 and 10) on June 17, 2020.[1] Therein, he alleges that unspecified charges on various credit cards, including those purportedly charged to a USAA FSB credit card ending in 0394 (the "Account"), are fraudulent. *See generally* Complaint. Plaintiff further alleges that on December 4, 2018, at the behest of a so-called "credit coach," he provided debt dispute notices to several banks with whom he held credit cards, including USAA FSB, and to certain credit reporting agencies via certified mail. *See* Doc. 5-1 at p. 1. According to Plaintiff, USAA FSB failed to respond to the alleged dispute notice and is still incorrectly reporting the disputed charges on his credit report. *See generally* Complaint.

Despite attaching a document which clearly shows that USAA FSB deleted items from Plaintiff's credit report "[i]n response to [Plaintiff's] dispute" (*see* Doc. 10, Ex. A71), Plaintiff alleges that USAA FSB violated the Fair Credit Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA"), and the Equal Credit Opportunity Act ("ECOA") and seeks $500,000 in damages from USAA FSB. *See e.g.* Doc. 5 at pp. 4-5.

## II.   ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must . . . raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's pleadings must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause

---

[1] Collectively, the complaint (Doc. 5) and the supplements thereto (Docs. 5-1 and 10) will be referred to herein as the "Complaint."



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

of action . . . ."  *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'naked assertions'

devoid of 'further factual enhancement,' "along with "legal conclusions" and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled to

the presumption of truth). Plaintiff must plead "more than a sheer possibility that a defendant has

acted unlawfully." *Iqbal*, 556 U.S. at 678. It is not enough that to allege the mere possibility of

misconduct; a plaintiff must "show that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2);

*see also Iqbal*, 556 U.S. at 679.

I.    **PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO MEET BASIC PLEADING REQUIREMENTS AND ARE CONTRADICTED BY EXHIBITS ATTACHED TO THE COMPLAINT.**

Before assessing the plausibility of any of the specific statutes that Plaintiff alleges USAA

FSB violated, Plaintiff's claims fail because they fail to meet basic pleading requirement to provide

facts, not conclusions, in support. Moreover, Plaintiff's claims cannot survive because the only

factual basis asserted in the Complaint is contradicted by the exhibits and thus cannot support any

claim.

A.    **Plaintiff's bare-bones and conclusory allegations do not raise a right to relief above a speculative level.**

A plaintiff's complaint must contain "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, despite their verbosity, Plaintiff's claims are

insufficiently pled because they are comprised of mere labels and conclusions devoid of further

factual enhancement. *See generally* Complaint. Such generalized and naked assertions are not

entitled to the presumption of the truth and will not suffice to prevent a motion to dismiss.

*Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Indeed, in bare-bones fashion, Plaintiff simply

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

alleges that the defendants generally did not respond to his dispute notice and continued to report the debt in violation of numerous statutes including the FCRA, FCBA, and ECOA (*see e.g.* Doc. 5 at pp. 3-5; Doc. 5-1 at pp. 3, 6-8) but fails to provide any facts to support any such allegations. For instance, he fails to allege how the dispute was not properly investigated, provide any factual support upon which the Court can determine that all relevant information was not reviewed, or information as to how USAA FSB specifically violated any of these statutes. *See generally* Complaint. The bulk of Plaintiff's Complaint is simply his repeating narrative that he hired a process server to serve notices on the co-defendants and that they did not respond thereto. *See e.g.* Doc. 5 at pp. 4-5; Doc. 5-1 at pp. 1-3, 5-6, 9; Doc. 10 at pp. 1-3, Exs. A1-A16.  Indeed, even the police report filed by Plaintiff simply reiterates that he served notices on the defendants and they allegedly did not respond—it provides no details regarding any actual criminal activity, identity theft, or any facts related to the alleged fraudulent charges that he did not authorize. Doc. 10, Ex. A62.

Further, to the extent Plaintiff is asserting a claim for civil conspiracy, his conclusory statement that defendants "acted in conspiracy to aid the co defendants [sic] failure to validate the debts challenged by the Plaintiff and violate the billing rights agreement(s)" is woefully insufficient to state a claim for relief. Doc. 5 at p. 4. Plaintiff fails to allege any facts necessary to state claim for conspiracy or provide any factual support whatsoever that any of the co-defendants acted in concert with each other in any matter. *See generally* Complaint. Indeed, Plaintiff fails to



even recite the elements necessary for a conspiracy claim. *Id*.[2]

Consequently, Plaintiffs claims are insufficiently pled and should be dismissed.

**B.  Plaintiff admits that USAA FSB investigated his dispute and deleted items from his credit report in response thereto.**

The gist of Plaintiff's near-incomprehensible allegations appears to be that he allegedly submitted a debt dispute to USAA FSB (among others) which purportedly was not acknowledged or acted upon. *Id*. Among the myriad of self-serving affidavits filed in support of the Complaint, Plaintiff attaches a letter dated December 4, 2018, addressed to "USAA" wherein he asserts a laundry list of requests for documents. *See* Doc. 10, Exs. A2 and A3. This letter appears to form the basis of his claims that USAA FSB failed to investigate his dispute and update his credit report in violation of the FCRA, FCBA, and the ECOA.

However, Plaintiff admits in Exhibit A71 that USAA FSB acted upon his dispute and removed items from his credit report. *See* Doc. 10, Ex. A71.[3] In apparent support of the Complaint,

---

[2] Plaintiff does not allege a specific conspiracy statute that the defendants have purportedly violated. There is widespread consensus on the elements of civil liability under the federal common law. It generally requires: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and (4) the overt act was done pursuant to and in furtherance of the common scheme. *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983); *see also In re Sumitomo Copper Litigation*, 120 F. Supp. 2d 328 (S.D.N.Y. 2000); *Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir.1986) (Winter, J.). *Cabello v. Fernanzes-Larios*, 402 F.3d 1148, 1157-58 (11th Cir. 2005); *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 554 (S.D.N.Y. 2005). To the extent Plaintiff is alleging a claim for civil conspiracy under Washington state law, Plaintiff must allege that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy. *Wilson v. State*, 84 Wash. App. 332, 350–51, 929 P.2d 448, 459 (1996) (citing *Corbit v. J.I. Case Co.*, 70 Wash.2d 522, 528–29, 424 P.2d 290 (1967)).

[3] The Court may consider documents attached to the complaint in considering whether the plaintiff has stated a claim. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

USAA'S MOTION TO DISMISS - 5
Case No. 3:20-cv-05449-RJB



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Plaintiff attaches a portion of a document entitled "Your Investigation Results" dated February 17, 2019, which specifically states:

**USAA SAVINGS BANK** #427082500389**** ( 10750 MCDERMOTT PWY. SAN ANTONIO, TX 78288-1600. Phone number not available )
In response to your dispute, this item was **DELETED** from your credit report.

Doc. 10, Ex. A71.[4]

This statement contained in the document entitled "Your Investigation Results" not only contradicts Plaintiff's claims, but conclusively establishes that USAA FSB did investigate his dispute and acted thereon by deleting an item from his credit report. Doc. 10, its Ex. A71. Due to this admission, Plaintiff's claim that USAA FSB failed to investigate or otherwise act upon his dispute cannot survive and thus his claims should be dismissed with prejudice. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001)("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.") (citing *See Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987)).

## II.    Plaintiff's Claims that USAA FSB Violated Various Statutes Fail as a Matter of Law.

The Complaint refers to the Fair Credit Billing Act, the Fair Credit Reporting Act, Equal Credit Opportunity Act, and the Fair Debt Collection Practices Act. None of these claims is sufficient and thus all should be dismissed.

### A.    Plaintiff fails to state a claim for violation of the Fair Credit Billing Act.

*1.    Plaintiff fails to sufficiently plead a claim pursuant to the FCBA.*

---

[4] The last four digits of the account referenced are omitted, but the first 12 numbers of the account match those that are included on Plaintiff's December 4, 2018, letter to USAA FSB. *See* Doc. 10, Exs A2-A3.

USAA'S MOTION TO DISMISS - 6
Case No. 3:20-cv-05449-RJB

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Plaintiff baldly alleges that USAA FSB violated the FCBA by failing to respond to his dispute notice and update his credit report. "To succeed on a claim under 15 U.S.C. § 1666, plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666." *Cunningham v. Bank One*, 487 F. Supp. 2d 1189, 1191–92 (W.D. Wash. 2007) (citing *Beaumont v. Citibank (South Dakota) N.A. and Chase Bank*, 2002 WL 483431, *3, 2002 U.S. Dist. LEXIS 5276, *8 (S.D.N.Y. March 28, 2002)). "To trigger a creditor's obligation to investigate a disputed billing statement, a consumer must send written notice within 60 days of the creditor's transmission of the statement containing the alleged error." *Cunningham*, 487 F. Supp. 2d at 1193 (citing 15 U.S.C. § 1666(a)).

The December 4, 2018, letter which Plaintiff purports to notify USAA FSB of a billing error does not comport with even the most liberal interpretation of the requirements of the FCBA. *See* 15 U.S.C. § 1666(a). Under the FCBA, a billing error is an error of computation, errors in the extension of credit, errors in the extension of credit that the consumer has additional proof of, errors in not crediting payments, errors in charging for undelivered goods, and errors in the consumer's address. *See* 15 U.S.C. § 1666. Plaintiff's letter states that it is "**NOT** a request for 'verification' or proof of my mailing address" but instead a request for "**VALIDATION**" and "competent evidence" that Plaintiff has "any legal obligation to pay" USAA FSB. Doc. 10, Ex. A2 (emphasis in original). Plaintiff requests a laundry list of information and documents for the life of the Account, provides no specific charges that he claims to be billing errors, and states that "such debts shall be considered forfeited." *Id*. Plaintiff further requests that the Account be deleted and removed from his "credit file." *Id*. Thus, despite his reference to the FCBA statute (among

USAA'S MOTION TO DISMISS - 7
Case No. 3:20-cv-05449-RJB

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

086508/664425-74335074.4
74499964.1

dozens of others) at the beginning of the letter, it is clear from the contents thereof that the letter was not sent as a notification of a billing error pursuant to the FCBA, but as a blatant attempt to escape his obligation to pay the balance thereon. Most importantly, the letter does not identify a single "billing error" which could trigger the requirements of the FCBA. Despite this deficient notice, Plaintiff admits that USAA FSB deleted items relating to the Account from his credit report. *See* Doc. Ex. A71.

Nor does Plaintiff allege that the notice was timely provided to USAA FSB. The billing error notice must be sent within 60 days of the creditor's transmission of the statement containing the alleged error. *See Cunningham*, 487 F. Supp. 2d at 1193; 15 U.S.C. § 1666(a)). Nowhere in the Complaint does Plaintiff allege that the December 4, 2018, letter was sent to USAA FSB within 60 days of USAA FSB's transmission of a statement containing an alleged error. *See generally* Complaint. Instead, Plaintiff generally requests information relating to the Account and to "all alleged charges" on the Account. Doc. 10, Ex. A2. Indeed, Plaintiff fails to even allege that he received a statement from USAA FSB containing a purported error. *See generally* Complaint. Plaintiff thus fails to state a claim pursuant to the FCBA.

     *2. Plaintiff's FCBA claims are time-barred.*

The FCBA is governed by a one-year statute of limitation. 15 U.S.C. § 1640(e) ("any action under this section may be brought in any United States district court…within one year from the date of the occurrence of the violation…"). The FCBA requires that a bank receiving a notice of billing error provide an acknowledgement of the notice within 30 days. *See* 15 U.S.C. § 1666(a)(A). The bank then has 90 days to investigate the consumer's claim and act thereon. *See* 15 U.S.C. § 1666(a)(B). While the continuing violation doctrine may apply to some claims



pursuant to the FCBA, there cannot be a continuing violation of the 30-day and 90-day requirements. *See Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 776 (E.D. Mich. 2002), *aff'd sub nom. Conn-Burnstein v. Saks Fifth Ave. & Co.*, 85 F. App'x 430 (6th Cir. 2003) ("Defendant's procedural violations were complete as of the dates that these deadlines passed.").

Plaintiff alleges that he mailed USAA FSB a letter on December 4, 2018. *See e.g.* Doc. 5-1 at p. 1. Plaintiff alleges that USAA FSB failed to respond within 30 days as well as failed to update his credit report. *See generally* Doc. 5-1. Plaintiff asserts that "[b]y the 11th of December 2018, each of the six creditors…had received the Validation of Debt dispute…" and that "[b]y the week of the January 12th, 2019, the 30-day deadline for the creditors to have responded to the Validation of Debt had elapsed." Doc. 5-1 at p. 3. Based on Plaintiff's own dates as pleaded in the Complaint, his actions for USAA FSB's alleged failure to provide the 30-day acknowledgement accrued on January 12, 2019[5], and USAA FSB's alleged failure to provide the 90-day report accrued on March 11, 2019. Thus, at the very latest, the statute of limitations for Plaintiff's FCBA claim expired on March 11, 2020. 15 U.S.C. § 1640(e). Plaintiff filed this suit on May 11, 2020, three months after the statute of limitations had expired. *See* Doc. 1. Thus, his FCBA claims are time-barred.

Notably, Plaintiff also admits that by February 17, 2019, USAA FSB had investigated his dispute and deleted items from his credit report. *See* Doc. 10, Ex. A71. Any attempt by Plaintiff to claim a continuing violation by USAA FSB due to its alleged continued reporting of the incorrect credit is cut off by Plaintiff's admission that USAA FSB deleted items from his credit report prior

---

[5] The 30th day after December 11, 2018, is January 10, 2019.

USAA'S MOTION TO DISMISS - 9
Case No. 3:20-cv-05449-RJB



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

to February 17, 2019. *Id*. Even based on a continuing violation theory then, Plaintiff's claim would have expired on February 17, 2020, nearly four months before he filed this suit. 15 U.S.C. § 1640(e); *see also Burnstein*, 208 F. Supp. 2d at 776.

   3.     *Plaintiff has not alleged sufficient damages to state a claim under the FCBA*.

Plaintiff claims that he has suffered $500,000 in damages "caused by USAA Credit Card." Doc. 5 at p.1. Plaintiff vaguely alleges that "the Defendant(s) defamation of character damaged the reputation of Plaintiff…caused the Plaintiff financial hardship and ongoing business and employment difficulties." Doc. 5-1 at p. 4. He further states "[s]uch actions hurt the Plaintiff's ability to operate his business and seek employment…limited his abilities to obtain new credit or finance." *Id*. Plaintiff has attached portions of his credit report attached as exhibits in support of the Complaint, however, nowhere in the Complaint does Plaintiff allege that USAA FSB's specific violations caused these purported damages or explain how USAA FSB's failure to provide a response caused $500,000 in damages. Nor has Plaintiff even attempted to tie the alleged conduct to any portion of the credit report or explain how he was damaged in the amount claimed.

Further, Plaintiff admits that USAA FSB updated his credit report by deleting items within approximately 60 days from the date it received the debt dispute letter from Plaintiff. Doc. 10, Ex. A71. There are no allegations by Plaintiff that explains how Plaintiff was damaged in the amount of a half million dollars when USAA FSB updated his credit report in response to his dispute within approximately 60 days. *See generally* Complaint.

For these reasons, Plaintiff's FCBA claims fail, and an attempt to re-fashion such a claim would be futile. Accordingly, the FCBA claims should be dismissed with prejudice.

**B.     Plaintiff fails to state a claim for violation of the Fair Credit Reporting Act.**

USAA'S MOTION TO DISMISS - 10
Case No. 3:20-cv-05449-RJB



Plaintiff alleges that USAA FSB violated various sections of the FCRA, particularly of Section 1681-2(a), as well as the "Furnisher Rule," 16 C.F.R. § 660.4. *See generally* Doc. 5-1. In addition to Plaintiff's failure to specifically allege what actions USAA FSB took or failed to take in violation of the FCRA, his FCRA claims otherwise fail because there is no private right of action under either of those sections and he has not sufficiently pleaded that he suffered damages as a result of USAA FSB's violation of the FCRA.

1. *There is no private right of action under §1681s-2(a) of the FCRA or 16 C.F.R. § 660.4.*

"Congress limited the enforcement of the duties imposed by § 1681s–2(a) to governmental bodies." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Id.* Plaintiff is not a governmental body, admitting that he is "an individual." Doc. 5 at p. 3.

Likewise, there is no private right of action under 16 C.F.R. § 660.4. "Because a furnisher's obligations are delineated in subsection (a)(8) and the C.F.R. issued thereunder, the Plaintiffs cannot privately enforce Defendant's violation of those obligations in a lawsuit." *See Sprague v. Salisbury Bank & Tr. Co.*, No. 3:18-CV-001487 (VLB), 2019 WL 4246601, at *4 (D. Conn. Sept. 5, 2019) (citing *Corcia v. Asset Acceptance, LLC*, No. 13-CV-6404 (JFB) (GRB), 2014 WL 3656049, at *5 (E.D.N.Y. July 22, 2014) (holding no cause of action existed under C.F.R. § 660.4 because it was an implementing regulation of § 1681s-2(a)(8))).

2. *Plaintiff has not alleged that he provided notice of the dispute in accordance with Section 1681s-2(b)*

To establish a claim for a private cause of action under Section 1681s-2(b) Plaintiff must



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

allege that USAA FSB received notice in the manner provided by Section 1681i(a)(2) from a consumer reporting agency that the information USAA FSB had furnished to the agency had been disputed by Plaintiff. The duties of a furnisher under Section 1681s-2(b) "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. § 1681s–2(b)(1); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002)). Here, Plaintiff does not allege that he reported the USAA FSB dispute to a consumer reporting agency or that USAA FSB received the dispute from the consumer reporting agency. Indeed, he repeatedly alleges that he sent the letter directly to USAA FSB. Because Plaintiff fails to sufficiently allege that he provided proper notice pursuant to Section 1681i(a)(2), Plaintiff fails to allege that USAA FSB's duties under Section 1681s-2(b) were triggered. For this reason, Plaintiff's FCRA claim as to USAA FSB fails as a matter of law.

      3.   *Plaintiff has not alleged any actionable conduct by USAA FSB or sufficient damages to state a claim under the FCRA.*

     The FCRA is not a strict liability statute and requires a showing that defendants acted negligently or willfully in the failure to comply with any provision of the FCRA, and Plaintiff suffered damages as a result thereof. 15 U.S.C. §§ 1681n, o; *see also Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1332 (9th Cir. 1995). As outlined above, Plaintiff has pleaded facts defeating any claim that USAA FSB acted negligently or willfully in failing to comply with any provision of the FCRA. Indeed, nowhere in the Complaint does Plaintiff allege that USAA FSB acted willfully or negligently in its purported violations of the FCRA. On the contrary,

USAA'S MOTION TO DISMISS - 12
Case No. 3:20-cv-05449-RJB


1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Plaintiff actually admits that USAA FSB deleted items from his credit report in response to his dispute. Doc. 10, Ex. A71.

Moreover, Plaintiff has failed to allege any facts to support any alleged damages resulting from any action by USAA FSB. Plaintiff claims that he has suffered $500,000 in damages "caused by USAA Credit Card." Plaintiff vaguely alleges that "the Defendant(s) defamation of character damaged the reputation of Plaintiff…caused the Plaintiff financial hardship and ongoing business and employment difficulties." Doc. 5-1 at p. 4. He further states "[s]uch actions hurt the Plaintiff's ability to operate his business and seek employment…limited his abilities to obtain new credit or finance." *Id*. These vague legal conclusions are insufficient. Additionally, to the extent his purported damages are based on reports or denials of credit relating to any alleged business or professional transaction, those damages are not actionable. *See Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) ("Reports used for "business, commercial, or professional purposes" are not within the purview of the statute.")  Thus, Plaintiff's FCRA claim fails and should be dismissed.

**C.      Plaintiff's Equal Credit Opportunity Act fails.**

Plaintiff asserts that USAA FSB violated the ECOA based on the same conclusory allegations as those he alleges in support of his FCRA and FCBA claims. *See generally* Complaint. "The ECOA provides that it is 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age.'" *United States v. Union Auto Sales, Inc.,* 490 F. App'x 847, 848 (9th Cir. 2012)(citing 15 U.S.C. § 1691(a)). Plaintiff asserts no facts, conclusory or otherwise,



1   alleging that USAA FSB discriminated against him on the basis of race, color, religion, national

2   origin, sex or marital status, or age. As such, the ECOA claim should be dismissed.

3   **F.      Plaintiff's claim pursuant to the Federal Debt Collection Protection Act fails.**

4           Plaintiff briefly alludes to violations of the Federal Debt Collection Protection Act

5   ("FDCPA") by defendants. *See* Doc. 5-1 at p. 10. To the extent Plaintiff is alleging that USAA

6   FSB violated the FDCPA, that claim fails. First, the claim is insufficiently pleaded as Plaintiff

7   simply lists the statutory citation among those relating to the FCRA, FCBA, and ECOA. This

8   certainly is a generalized and naked assertion, is not entitled to the presumption of the truth, and

9   will not suffice to prevent a motion to dismiss. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

10          Further, Plaintiff has not (and cannot) establish that USAA FSB is a debt collector subject

11  to the FDCPA. 15 U.S.C. § 1692a(A), (B), (F). The FDCPA restricts "third party collection agents

12  working for a debt owner—not a debt owner seeking to collect debts for itself." *Henson v.*

13  *Santander Consumer USA, Inc.*, 137 S.Ct. 1718, 1723 (2017). Plaintiff admits that he contacted

14  USAA FSB disputing a debt he allegedly owed to USAA FSB. *See e.g.* Doc. 5-1 at p. 1; Doc. 10,

15  its Ex. A2. Plaintiff does not allege that USAA FSB was attempting to collect debt for a third party,

16  or that a third party was collecting a debt on behalf of USAA FSB. *See generally* Complaint.

17          Thus, any FDCPA claim against USAA FSB would fail and should be dismissed.

18  **G.      Dismissal with prejudice is appropriate.**

19          "Dismissal without leave to amend is improper unless it is clear…that the complaint could

20  not be saved by any amendment." *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc*., 368 F.3d

21  1053, 1061 (9th Cir. 2004). However, a "district court does not err in denying leave to amend

22  where the amendment would be futile." *Id*. "An amendment is futile when 'no set of facts can be

23

24

25



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017)(citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). As demonstrated herein, Plaintiff's claims fail as a matter of law, and as a result, allowing him to file an amended pleading would be futile. Indeed, no amount of artful or creative pleading will change the fact that USAA FSB updated his credit report in response to Plaintiff's dispute by Plaintiff's own admission. Further, Plaintiff has filed more than eight self-serving documents in support of his claims against the various defendants, none of which state a claim for relief or otherwise provide sufficient factual support for his allegations. Allowing Plaintiff yet another opportunity to restate his claims would unnecessarily require the Court and parties to expend resources and time because such efforts would be futile.  Therefore, the Court should dismiss all claims against USAA FSB with prejudice.

### III.     CONCLUSION

USAA respectfully requests that this Court dismiss all of Plaintiff's claims against USAA FSB with prejudice. USAA FSB further prays that the Court grant all other and further relief in law or in equity to which it may be entitled.

Respectfully submitted this 17th day of August, 2020.

*/s/ Aaron A. Wagner*
Aaron A. Wagner, WSBA # 51905
POLSINELLI PC
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel: (360) 481-5107
E-mail:  aawagner@polsinelli.com

*Attorney for Defendant, USAA Federal Savings Bank*

USAA'S MOTION TO DISMISS - 15
Case No. 3:20-cv-05449-RJB



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, I electronically filed the foregoing **USAA FEDERAL SAVINGS BANK'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED August 17th, 2020, at Olympia, Washington.


*/s/ Aaron A. Wagner*
Aaron A. Wagner, WSBA # 51905
*Attorney for Defendant, USAA Federal Savings Bank*

USAA'S MOTION TO DISMISS - 16
Case No. 3:20-cv-05449-RJB



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400