1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

KEVIN BJORNSON,

CASE NO. 20-cv-5449 RJB

11

Plaintiff,

ORDER ON DEFENDANT
DISCOVER BANK'S MOTION
TO VACATE

12

v.

13

EQUIFAX INC., et al.,

14

Defendants.

15

16     This matter comes before the Court on Defendant Discover Bank's (improperly named as

17 Discover Card "Discover") Motion to Vacate Default Entry against Defendant Discover Card.

18 Dkt. 63.  The Court has considered the pleadings filed regarding the motion and the remaining

19 file.

20     For the reasons provided below, the motion should be granted and the entry of default

21 against Defendant Discover should be vacated.

22                                    **FACTS**

23     Plaintiff, proceeding pro se, filed a complaint in this action and had his application to

24 proceed in forma pauperis approved on June 17, 2020. Dkts. 4; and 5. Plaintiff alleges that he

ORDER ON DEFENDANT DISCOVER BANK'S
MOTION TO VACATE- 1

1    suffered millions of dollars in damages when defendants, various financial institutions and credit

2    bureaus, conspired together and failed to properly handle a fraud alert related to identity theft and

3    various reported debts. Dkt. 5. Plaintiff claims include, *inter alia,* violation of the Fair Credit

4    Reporting Act, codified at 15 U.S.C. § 1681. Dkt. 5.

5         Plaintiff obtained a single summons listing all five defendants with separate addresses for

6    each. Dkt. 6. Equifax, Inc. was listed as the first defendant on the summons and Discover was the

7    second named defendant with an address of: 2500 Lake Cook Road Riverwoods, IL 60015.  *Id*.

8         On July 2, 2020, a process server arrived at CT Corporation's office at 208 S. LaSalle

9    Street, Suite 814, Chicago IL and filled out a log sheet indicating that Equifax, Inc. was to be

10   served with the Summons and Complaint. Dkt. 65, at 2-4. CT Corporation examined its records

11   and determined that it was not the registered agent for Equifax, Inc. in Illinois and issued a

12   rejection letter to Plaintiff Bjornson.  Dkt. 65, at 6.  It informed him that it was not the registered

13   agent for Equifax, Inc. in Illinois and returned Plaintiff's original documents.  *Id.* CT was not

14   asked to accept service on behalf of Discover Card, Discover Bank or other Discover entity from

15   the Plaintiff.  *Id.*

16        On July 5, 2020, the Plaintiff filed an "Affidavit of Service," signed by Jose Garcia

17   Guzman, which provided:

18        I served the following documents on Discover Card in Cook County, IL on July 2,
          2020 at 1:24 pm at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604 by leaving
19        the following documents with Derrick who as Clerk at CT Corporation is
          authorized by appointment or by law to receive service of process for Discover
20        Card.

21   Dkt. 16.  On July 24, 2020, the Plaintiff moved for default against "Discover Card."  Dkt. 38.

22   On July 28, 2020, the Clerk of the Court entered default against Defendant "Discover Card."

23   Dkt. 44.

24

ORDER ON DEFENDANT DISCOVER BANK'S
MOTION TO VACATE- 2

1        On August 11, 2020, notices of appearance were filed for Discover Bank.  Dkts. 60 and

2  61.  Discover Bank, noting that it has been improperly named as "Discover Card" in this lawsuit,

3  filed the instant motion to set aside the entry of default in this case.  Dkt. 63.  It asserts that it was

4  not given notice of the lawsuit and when it received informal notice, it investigated and

5  determined that the Plaintiff's "process server incorrectly advised CT Corporation that he was

6  serving Equifax, Inc. instead of Discover."  Dkt. 64.

7        The Plaintiff opposes the motion.  Dkt. 74.  Discover Card filed a reply (Dkt. 80) and the

8  motion is ripe for consideration.

9                                    **DISCUSSION**

10        Fed. R. Civ. P. 55(c), provides that "the court may set aside an entry of default for good

11  cause."  In order to "determine good cause, a court must consider three factors: (1) whether the

12  party seeking to set aside the default engaged in culpable conduct that led to the default; (2)

13  whether it had no meritorious defense; or (3) whether reopening the default judgment would

14  prejudice the other party."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615

15  F.3d 1085, 1091 (9th Cir. 2010)(*internal quotation marks and citation omitted*).

16        Discover Bank (improperly named as Discover Card) has shown good cause to set aside

17  the default entered against Discover Card.  Discover's motion to set aside the default (Dkt. 63)

18  should be granted.

19        Discover has demonstrated that it did not engage in culpable conduct that led to the

20  default.  "A defendant's conduct is culpable if he has received actual or constructive notice of the

21  filing of the action and intentionally failed to answer."  *Signed Pers. Check No. 730*, at 1092.

22  "To treat a failure to answer as culpable, the movant must have acted with bad faith, such as an

23  intention to take advantage of the opposing party, interfere with judicial decision making, or

24

1    otherwise manipulate the legal process." *Id.*  There is no evidence that Discover received actual

2    or constructive notice before default was entered.  There is no evidence that Discover acted in

3    bad faith in its failure to answer timely.  The Plaintiff's assertions to the contrary are unavailing.

4        Discover has not yet responded, and so the nature of its defenses is not known.  There is

5    no showing that reopening the default judgment would prejudice the Plaintiff.  This case was

6    filed in June.  Default was entered less than 18 days before the motion to set aside the default

7    filed.  Discover has shown good cause to set aside entry of default against Discover Card.

8        **IT IS SO ORDERED**.

9        The Clerk is directed to send copies of this Order to all counsel of record and to any party

10   appearing *pro se* at said party's last known address.

11       Dated this 4th day of September, 2020.

12

13

14       ROBERT J. BRYAN
         United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANT DISCOVER BANK'S
MOTION TO VACATE- 4