UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN BJORNSON,<br><br>              Plaintiff,<br><br>    v.<br><br>EQUIFAX INC.; DISCOVER CARD; USAA CREDIT CARD; BANK OF AMERICA; and FIRST NATIONAL BANK CARD,<br><br>              Defendants. | CASE NO. 20-cv-5449 RJB<br><br>ORDER ON DEFENDANT FIRST NATIONAL BANK OF OMAHA'S MOTION TO DISMISS, DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS AND ON PLAINTIFF'S VARIOUS MOTIONS |

This matter comes before the Court on Defendant First National Bank of Omaha's ("First National") Motion to Dismiss (Dkt. 37), Defendant Bank of America N.A.'s ("BOA") Motion to Dismiss Plaintiff's Complaint (Dkt. 49), and the Plaintiff's "Motion to Strike and Dismiss the Defendants' Motion to Dismiss and Motion for the Entry of Default and Order of Contempt Against the Defendant in Response to the Defendants [sic] Motion to Dismiss" (Dkt. 51). The Court has reviewed the pleadings filed regarding the motions and the remainder of the record herein.

ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 1

On May 5, 2020, Plaintiff, *pro se,* filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt. 1.  On June 17, 2020, his application was granted (Dkt. 4) and his Complaint (Dkt. 5) was filed.  The Complaint asserts violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*, Fair Credit Billing Act, 15 U.S.C. § 1601, *et. seq.*, Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et. seq.*, Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, and the "Electronic Code of Federal Regulations (E-CFR) Furnisher Rule 660.4(e)(3). Dkt. 5.

Defendants First National and BOA move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6).  Dkts. 37 and 49.  In his pending motion, the Plaintiff, in part, moves the Court to deny Defendants First National's motion to dismiss. Dkt. 51.  This portion of the motion should be considered an opposition to First Nationals' motion to dismiss and not a motion.  The Plaintiff moves for leave to amend his complaint and attaches a proposed amended complaint (Dkts. 51 and 51-2) and makes various other motions described below.  As is relevant here, the Plaintiff also filed a "motion" to dismiss Defendant BOA's motion to dismiss and again moves to amend his complaint, attaching a different proposed amended complaint; those motions are noted for September 18, 2020. Dkt. 76. The portion of the Plaintiff's motion to dismiss Defendant BOA's motion to dismiss should be construed as a response and not a motion.

For the reasons provided below, the Defendants' motions to dismiss (Dkts. 51 and 76) should be granted, the Plaintiff's ripe motion for leave to file an amended complaint (Dkt. 51) should be denied without prejudice and the Plaintiff's remaining motions be denied.

ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 2

I.  **FACTS AND PROCEDURAL HISTORY**

**A. FACTS**

The Complaint alleges that, "Equifax Inc. Failed to properly handle the disputes of the Plaintiff and also failed to update the 7 year fraud alert after receiving the Plaintiffs identity theft affidavit." Dkt. 5, at 4. It maintains that:

> Equifax's actions were also in conspiracy of the action(s) taken by Discover Card, First National Bank of Omaha, Bank of America, & USAA Card. Equifax Inc. by failing to imeediately [sic] block each of the codefendants from reporting on the Plaintiffs Credit report and by delaying the dispute process acted in conspiracy to aid the codefendants failure to validate the debts challenged by the Plainitff [sic] and violate the billing rights agreement(s) for each of those accounts. And further allow the illegal and discriminatory reporting of such accounts on the Plaintffs [sic] credit report defaming his reputation.

*Id*.

The Complaint alleges that on December 4, 2018, the Plaintiff had a process server serve "Discover Card, USAA, [First National], [BOA], Chase, and American Express" with "Validation of Debt Notices," "a Consumer Affidavit, Identity Theft Affidavit and an Affidavit of Service by Certified Mail with Signature Required." Dkt. 5-1, at 1 and 3-4. It states that the Plaintiff waited around 37 days, and then "contacted his credit repair coach after receiving no responses to the notices. He advised the Plaintiff to file a police report and a Federal Trade Commission Report." *Id.* As it relates to the moving party First National, the Complaint also alleges that it "received the Plaintiff's dispute on the 7th of December 2018" and that "the Plaintiff received a response on January 22, 2019. Dkt. 5-1, at 5. In any event the Complaint asserts that the Plaintiff's "credit repair coach" advised him to "notify each of the three credit bureaus and provide them with the copies of the paperwork that he had used in his original disputes, the police report, the FTC report, and the Affidavit of Support was included as well."

ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 3

1  *Id.,* at 5-1, at 2.  According to the Complaint, the Plaintiff sent a set of each of these documents
2  to Equifax and the other two credit reporting agencies.  *Id.*

3  The Complaint alleges that [e]ach of the creditors violated the Electronic-Code of Federal
4  Regulations (E-CFR) Furnisher Rule 660.4(e)(3); as did Equifax by failing to dispute any of the
5  accounts or consider any of the information that was presented to them."  *Id.*

6  The Complaint alleges that the Plaintiff checked his credit report in February and March
7  and Equifax had not updated his report to reflect his disputes.  Dkt. 5-1, at 2.  It maintains that
8  "[t]he Defendants, by failing to update the fraud alert on the consumers' credit report, biased
9  anyone who may have made a determination based on the Plaintiff's Equifax consumer credit
10 report."  *Id.,* at 4.  It maintains that Equifax failed to update the seven-year fraud alert. *Id.*, at 9.

11 The Complaint asserts violations of Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*,
12 Fair Credit Billing Act, 15 U.S.C. § 1601, *et. seq.*, Equal Credit Opportunity Act, 15 U.S.C. §
13 1691, *et. seq.*, Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, and the "Electronic
14 Code of Federal Regulations (E-CFR) Furnisher Rule 660.4(e)(3).  Dkt. 5.  The Plaintiff claims
15 millions of dollars in damages.  *Id.*

16 On June 25, 2020, June 26, 2020, June 27, 2020, and July 13, 2020 the Plaintiff filed
17 additional pleadings he stated he wanted to be attached to the Complaint.  Dkts. 10, 13, 14 and
18 20.

19 The Plaintiff's proposed amended complaint (Dkt. 51-2) is substantially similar to his
20 original complaint.

21 **B.  PENDING MOTIONS AND OTHER RELEVANT PROCEDURAL HISTORY**

22 Both First National and BOA move for dismissal of the Complaint for failure to state a
23 claim under Fed. R. Civ. P. 12(b)(6).  Dkts. 37 and 49.

24 ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 4

In opposition to First National's motion, the Plaintiff argues that the motion should be "stricken" and default entered against it for failure to answer or defend the case because no notice of appearance had been entered by the lawyer who filed the motion. Dkt. 51. The Plaintiff then argues that he did make factual assertions against First National received his disputes. *Id.* He discusses what he views the relevance of his allegations regarding his credit coach and argues that First National fails to point to evidence. *Id.* While it did not appear in his Complaint, the Plaintiff references the Truth in Lending Act. *Id.* The Plaintiff also moves the Court to revoke First National's counsel's right to practice before this Court, to "hold the Defendant in contempt for appearing before the Court without counsel," and for leave to file an amended complaint to "reference the declaration of exhibits intended to be an addition to the Complaint and its attachment and further provide and affidavit to that extent." *Id.*

On August 17, 2020, the undersigned denied the Plaintiff's motion for entry of default against First National and ordered First National's lawyer to file a notice of appearance. Dkt. 72. To the extent that the Plaintiff again moves to strike First National's motion or have it denied on those grounds, his motion should be denied without further analysis. A notice of appearance was entered on behalf of First National on August 20, 2020. Dkt. 73.

The Plaintiff also opposed BOA's motion to dismiss. Dkt. 76. Again, while the Plaintiff styles this pleading, in part, as a "Motion to Deny Bank of America's Motion to Dismiss," this portion should be construed as a response in opposition to the motion. In response, the Plaintiff asserts that he sent a BOA a Truth in Lending Act dispute and received no response. Dkt. 76. He argues that BOA failed to report the accounts as disputed to Equifax. *Id.* The Plaintiff again moves to amend his complaint, using a different complaint; this motion is not ripe until September 18, 2020.

ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 5

1      Defendants First National and BOA have filed replies (Dkts. 81 and 81) and the motions

2 are ripe for consideration.

3      **C.  ORGANIZATION OF OPINION**

4      The Court will first consider the motions to dismiss, then the Plaintiff's motion for leave

5 to file an amended complaint, lastly, Plaintiff's additional motions.

6      **II.    DISCUSSION**

7      **A.  FIRST NATIONAL AND BOA'S MOTIONS TO DISMISS**

8      Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

9 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

10 *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

11 are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

12 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

13 does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

14 entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

15 elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

16 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief

17 above the speculative level, on the assumption that all the allegations in the complaint are true

18 (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

19 to relief that is plausible on its face."  *Id*. at 547.

20      Defendant First National Bank and BOA's motions to dismiss (Dkts. 37 and 49) should

21 be granted and the claims asserted against them in the Complaint should be dismissed.  The

22 Plaintiff failed to meaningfully respond to the motions.  Further, the motions have merit.  The

23 Plaintiff's Complaint is difficult to follow and fails to clearly explain in a "short plain statement"

24 ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 6

what happened, when, and what claims he is asserting against which Defendant as a result. Fed. R. Civ. P. 8. However, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment," *Moss v. U.S. Secret Serv*., 572 F.3d 962, 972 (9th Cir. 2009), and it is not yet clear the Complaint can't be saved. Accordingly, the case should not be dismissed.

### B. PLAINTIFF'S MOTION TO AMEND

While dismissal without leave to amend would be improper, the Plaintiff's current motion to amend (Dkt. 51) should be denied without prejudice. The Plaintiff has a more recent motion to amend pending with a different proposed amended complaint. That motion is noted for consideration on September 18, 2020. Dkt. 76.

### C. PLAINTIFF'S REMAINING MOTIONS

The Plaintiff also moves the Court to revoke First National's counsel's right to practice before this Court and to "hold the Defendant in contempt for appearing before the Court without counsel." Dkt. 51.

The Plaintiff's motions should be denied. They are frivolous and without merit. First National's counsel filed a notice of appearance after being directed to do so by the undersigned. No further action is warranted.

### D. OTHER ISSUES

The Plaintiff has been filing responses to motions as motions and noting them for consideration on the Court's calendar. Further, he has filed some motions that are frivolous and without merit. The Plaintiff is warned that he is bound by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington.

ORDER ON DEFENDANT FIRST NATIONAL
BANK OF OMAHA'S MOTION TO DISMISS,
DEFENDANT BANK OF AMERICA N.A.'S
MOTION TO DISMISS AND ON PLAINTIFF'S
VARIOUS MOTIONS- 7

### III. ORDER

**THEREFORE, IT IS ORDERED THAT:**

- Defendant First National Bank of Omaha's Motion to Dismiss (Dkt. 37) **IS GRANTED**;

- Defendant Bank of America N.A.'s Motion to Dismiss Plaintiff's Complaint (Dkt. 49) **IS GRANTED**;

- Plaintiff's "Motion to Strike and Dismiss the Defendants' Motion to Dismiss and Motion for the Entry of Default and Order of Contempt Against the Defendant in Response to the Defendants [sic] Motion to Dismiss" (Dkt. 51) **IS DENIED, in part,** and

- Plaintiff's motion for leave to file an amended complaint (Dkt. 51) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of September, 2020.

ROBERT J. BRYAN
United States District Judge