UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN SCOTT BJORNSON,, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INC.; DISCOVER CARD; USAACREDIT CARD; BANK OF AMERICA; and FIRSTNATIONAL BANK CARD,, <br><br> Defendants. | CASE NO. 3:20-cv-05449-RBJ <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Response in Opposition to the Defendant Discover Card's Motion to Vacate the Entry of Default (Dkt. 96). In this motion, Plaintiff moves to vacate the Order on Discover Banks's Order to Vacate (Dkt. 85). Plaintiff claims that Discover materially misrepresented facts in its Motion to Vacate Entry of Default (Dkt. 63). The Court has considered the motion for reconsideration and the remainder of the file herein. The Court has not requested a response. LCR 7(h)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

Western District of Washington Local Rule (7)(h)(1) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff claims that Discover misrepresented material facts in their motion to vacate default judgment (Dkt. 63), and for that reason the entry of default should be reinstated. Dkt. 96. Plaintiff's motion should be denied for two reasons.

First, and most importantly, Plaintiff's motion should be denied because his assertions do not demonstrate manifest error in the prior ruling. The Coronavirus pandemic has created challenges for everyone and the systems that we have relied upon in the past. Who signed the time sheet is not material. Discover demonstrated that it did not receive the summons and complaint and that it did not act "with bad faith, interfere with judicial decision making, or otherwise manipulate the legal process." *United States v. Signed Pers. Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation omitted). Discover, therefore, met the standard required to vacate an entry of default and Plaintiff has not shown manifest error in the prior ruling

Second, Plaintiff alleges that Discover lied in its motion to vacate entry of default (Dkt. 63). Dkt. 96. Plaintiff responded to Discover's motion (Dkt. 74) before the Court issued its order (Dkt. 85) but did not include the facts relied upon in this motion. Plaintiff does not explain why these facts, namely that the process server Luis Guzman did not sign the time sheet indicating that Equifax, Inc. should be sent the summons and complaint, could not have been brought to the court's attention earlier with reasonable diligence. *Id.*

Plaintiff's motion to reconsider the order vacating the entry of default against Discover (Dkt. 96) should be denied.

## I. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion (Dkt. 96) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of September, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 3