UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN SCOTT BJORNSON,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INC, DISCOVER CARD, USAA CREDIT CARD, BANK OF AMERICA, FIRST NATIONAL BANK CARD,<br><br>Defendants. | CASE NO. 3:20-cv-05449 RJB<br><br>ORDER ON DEFENDANT USAA FEDERAL SAVINGS BANK'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court on Defendant USAA Federal Savings Bank's Motion to Dismiss (Dkt. 71) and Plaintiff's Motion for Leave of Court to Amend the Complaint (Dkt. 76). Plaintiff originally filed the motion for leave in response to another motion (Dkt. 76) and refiled that motion in his response the pending motion (Dkt. 94). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. Defendant's motion to dismiss (Dkt. 71) should be granted, in part, and Plaintiff's motion for leave (Dkts. 76 and 94) should be denied without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

Plaintiff alleges in his Complaint that, "Equifax Inc. Failed to properly handle the disputes of the Plaintiff and also failed to update the 7 year fraud alert after receiving the Plaintiffs identity theft affidavit." Dkt. 5 at 4. The Complaint maintains that:

> Equifax's actions were also in conspiracy of the action(s) taken by Discover Card, First National Bank of Omaha, Bank of America, & USAA Card. Equifax Inc. by failing to imeediately [sic] block each of the codefendants from reporting on the Plaintiffs [sic] Credit report and by delaying the dispute process acted in conspiracy to aid the codefendants [sic] failure to validate the debts challenged by the Plainitff [sic] and violate the billing rights agreement(s) for each of those accounts. And further allow the illegal and discriminatory reporting of such accounts on the Plaintffs [sic] credit report defaming his reputation.

*Id*.

The Complaint alleges that on December 4, 2018, the Plaintiff had a process server serve "Discover Card, USAA, [First National], [BOA], Chase, and American Express" with "Validation of Debt Notices," "a Consumer Affidavit, Identity Theft Affidavit and an Affidavit of Service by Certified Mail with Signature Required." Dkt. 5-1 at 1 and 3-4. It states that the Plaintiff waited around 37 days, and then "contacted his credit repair coach after receiving no responses to the notices. He advised the Plaintiff to file a police report and a Federal Trade Commission Report." *Id.* The Complaint asserts that the Plaintiff's "credit repair coach" advised him to "notify each of the three credit bureaus and provide them with the copies of the paperwork that he had used in his original disputes, the police report, the FTC report, and the Affidavit of Support was included as well." *Id.* at 5-1, at 2. According to the Complaint, the Plaintiff sent a set of each of these documents to Equifax and the other two credit reporting agencies. *Id.*

The Complaint alleges that [e]ach of the creditors violated the Electronic-Code of Federal Regulations (E-CFR) Furnisher Rule 660.4(e)(3); as did Equifax by failing to dispute any of the accounts or consider any of the information that was presented to them." *Id.*

The Complaint alleges that the Plaintiff checked his credit report in February and March and Equifax had not updated his report to reflect his disputes. Dkt. 5-1, at 2. It maintains that "[t]he Defendants, by failing to update the fraud alert on the consumers' credit report, biased anyone who may have made a determination based on the Plaintiff's Equifax consumer credit report." *Id.* at 4. It maintains that Equifax failed to update the seven-year fraud alert. *Id.* at 9.

The Complaint asserts violations of Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1601, *et. seq*., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq*., Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et. seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq*., and the "Electronic Code of Federal Regulations (E-CFR) Furnisher Rule 660.4(e)(3). Dkt. 5. The Plaintiff claims millions of dollars in damages. *Id.*

**B. PENDING MOTION**

In the pending motion, Defendant USAA Federal Savings Bank ("USAA" or "Defendant") moves to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff both fails to demonstrate that there is more than a sheer possibility that he is entitled to relief and that his claims fail as a matter of law. Dkt. 71. Defendant claims dismissal with prejudice without leave to amend is proper because amendment would be futile. *Id.*

Plaintiff responded opposing Defendant's motion to dismiss and in the same pleading requests the Court grant him leave to amend his complaint. Dkt. 94. Plaintiff's motion for leave (Dkt. 94), includes a proposed amended complaint, which is identical to the proposed complaint filed within "Cross-Motion re 49 Motion to Dismiss" (Dkt. 76).

## II. DISCUSSION

The following analysis first discusses the relevant standards, then considers Plaintiff's claims under the Fair Credit Billing Act, the Fair Credit Reporting Act, the Equal Opportunity Credit Act, and the Fair Debt Collection Practices Act.

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "Material allegations [] are taken as admitted and the complaint is construed in favor of the plaintiff." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. STANDARD TO DISMISS WITHOUT LEAVE TO AMEND

"Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). However, a "district court does not err in denying leave to amend where the amendment would be futile." *Id.* "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and

sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**C. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff's Motion for Leave of Court to Amend the Complaint (Dkt. 76) should be denied, without prejudice.

Plaintiff's Complaint is riddled with labels and conclusions. Dkt. 5. Nowhere in his pleadings does Plaintiff establish a short, plain statement and supportive factual allegations that raise his right to relief above the speculative level. *See* Fed. R. Civ. P. 8. Plaintiff's proposed amended complaint (Dkts. 76 and 94) fares no better. It is a repetition of an amalgamation of statutes and references to alleged procedural violations without making clear why he was wronged. *See id.*

The analysis of particular claims follows and applies to both the original complaint and the amended complaint.

**D. FAIR CREDIT BILLING ACT**

Plaintiff fails to plausibly allege that he is entitled to relief pursuant to the Fair Credit Billing Act, 15 U.S.C. § 1601, *et. seq*.

"To succeed on a claim under 15 U.S.C. § 1666, plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank to issue the card to comply with the procedural requirements of Section 1666." *Cunningham v. Bank One*, 487 F. Supp. 1189, 1192 (W.D. Wash. 2007). Billing error disputes pursuant to the FCBA are governed by a one-year statute of limitations. *See* 15 U.S.C. § 1640(e).

While it is unclear from the pleadings whether Plaintiff notified the Bank Defendants of a specific billing error, *see e.g.*, Dkt. 10 at 16–17, Plaintiff's claims pursuant to the FCBA are time barred. Plaintiff alleges that he notified USAA and co-defendants Bank of America, Discover Card,

and First National Bank of Omaha of billing errors on December 4, 2018. Dkt. 5-1 at 1. He includes attachments to show his letters were sent on that date. *See* Dkts. 14 at 3–4, 94-1. He asserts that each defendant received notice by December 11, 2018. *Id.* The FCBA allows thirty days to respond, which would compel a response by January 12, 2019. *See* 15 U.S.C. § 1666(a)(A). A creditor has ninety days from the date of notice to investigate the claim and take appropriate action, which would require action by March 12, 2019. 15 U.S.C. § 1666(a)(B); *see Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 776 (E.D. Mich. 2002). Plaintiff filed suit on May 11, 2020. Dkt. 1. According to Plaintiff's timeline, he did not commence action until two months after the statute of limitations expired. *See* Dkts. 1 and 5. Amendment would, therefore, be futile, and Plaintiff's claims pursuant to the FCBA should be dismissed with prejudice.

**E. FAIR CREDIT REPORTING ACT**

Plaintiff's fails to plausibly allege that he is entitled to relief pursuant to the Fair Credit Reporting Act.

*1. Claim Pursuant to 15 U.S.C. § 1681s-2(a) Should be Dismissed With Prejudice*

Plaintiff cannot bring a claim pursuant to 15 U.S.C. § 1681s-2(a) because there is no private right of action. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies."). Because there is no private right of action, amendment would be futile. Plaintiff's claim pursuant to § 1681s-2(a) should, therefore, be dismissed with prejudice.

*2. Claim Pursuant to 15 U.S.C. § 1681s-2(b) Should be Dismissed Without Prejudice*

Unlike § 1681s-2(a), there is a private right of action under 15 U.S.C. § 1681s-2(b). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1165 (9th Cir. 2009). 15 U.S.C. § 1681s-2(b) imposes duties on a furnisher of information "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title[.]" Accordingly, the duties of a furnisher "arise only after the furnisher

receives notice of dispute from a [consumer reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Id.* at 1154 (citing 15 U.S.C. § 1681s-2(b)(1); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059–60 (9th Cir. 2002)).

While Plaintiff appears to allege that USAA, as well as co-defendants Bank of America, Discover Card, and First National Bank of Omaha, are furnishers of information under the FCRA, he claims that, "[b]y the 11th of December 2018, each . . . had received the Validation of Debt dispute from the Plaintiff." *See* Dkt. 5-1 at 3 (emphasis added). Because notice directly from the consumer is insufficient to trigger a furnisher's duty under § 1681s-2(b), Plaintiff's claim should be dismissed. It is not, however, clear that amendment would be futile, so dismissal should be without prejudice.

### C. *Any Remaining Fair Credit Reporting Act Claims Should be Dismissed Without Prejudice*

The FCRA requires showing that the defendant negligently or willfully failed to comply with its terms. *See Gorman*, 584 F.3d at 1332. Although Plaintiff has failed to make that showing, it is unclear whether amendment would be futile and any additional claims pursuant to the FCRA should be dismissed without prejudice.

### D. *The "Furnisher Rule" does not have an Independent Private Right of Action*

The "Furnisher Rule," 16 C.F.R. § 660.4, is an implementing regulation of the FCRA, and does not create an independent private right of action. *See Kianpour v. Wells Fargo Bank, N.A.*, 17-cv-01757-GJSx, 2017 WL 8292776, at *5 n.2 (C.D. Cal. 2017); *Sprague v. Salisbury Bank & Tr, Co.*, 2019 WL 4246601, at *4 (D. Conn. 2019), citing *Corcia v. Asset Acceptance*, 2014 WL 3656049, at *5 (E.D.N.Y 2014). While it may be relevant to Plaintiff's claims, to the

extent that he is attempting to use it as a private right of action, that claim should be dismissed with prejudice.

**F. EQUAL OPPORTUNITY CREDIT ACT**

Plaintiff fails to plausibly allege that he is entitled to relief pursuant to the Equal Opportunity Credit Act.

Plaintiff claims that Defendants violated the EOCA, 15 U.S.C. § 1691 *et. seq*., (Dkt. 5), which provides that it is "unlawful for any creditor to discriminate against any applicant . . . on the basis of race, color, religion, national origin, sex or marital status, or age." *United States v. Union Auto Sales, Inc.*, 490 F. App'x 847, 848 (9th Cir. 2012) (citing 15 U.S.C. § 1691(a)). "The purpose of the ECOA is to eradicate credit discrimination[.]" *Anderson v. United Fin.*, 666 F.2d 1274, 1277 (9th Cir. 1982).

Nowhere in the hundreds of pages of filings does Plaintiff claim that USAA, or any of the Defendants, discriminated against him. *See* Dkt. 5. Plaintiff's claim pursuant to the EOCA should be dismissed without prejudice because it is not clear that amendment would be futile. Plaintiff, however, should be reminded he is bound by the Rules of Civil Procedure and must not file frivolous claims. *See* Fed. R. Civ. P. 11.

**G. FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff fails to plausibly allege that he is entitled to relief pursuant to the Fair Debt Collection Practices Act.

The FDCPA, 15 U.S.C. § 1692 *et. seq*., "imposes civil liability on 'debt collectors' for certain prohibited debt collection practices." "The Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debts owed to ... another.'" *Heintz v. Jankins*, 514 U.S. 291, 293 (1995) (quoting 15 U.S.C. § 1692(a)(5)).

Like Plaintiff's claims pursuant to the EOCA, Plaintiff vaguely claims he is entitled to relief pursuant to the FDCPA. However, nowhere in hundreds of pages of documents does he even allude to the possibility that any of the Defendants acted as debt collectors. The failure to include such a basic fact anywhere in the extensive record indicates that amendment would be futile, and Plaintiff's claims pursuant to the FDCPA should be dismissed with prejudice.

**H. PLAINTIFF, PROCEEDING PRO SE, IS BOUND BY THE RULES OF CIVIL PROCEDURE**

Plaintiff is proceeding pro se, but he is still bound by the Rules of Civil Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds*, *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). An amended complaint supersedes an original complaint, and a court may not consider facts or allegations from the original complaint that are not included in the amended complaint. *Id.* An amended complaint should be one pleading. Plaintiff should not attempt to file multiple documents in different places in the record and expect the parties and the Court to sort out which pleading he intends to include with his complaint. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff is further notified that failure to plausibly allege a cognizable legal theory could result in dismissal of the case. *See Balistreri*, 901 F.2d at 699.

**I. CONCLUSION**

There are serious deficiencies in Plaintiff's claims that, contrary to Plaintiff, are not the result of limitations in space. *See* Dkt. 94. In the hundreds of pages of documents filed by Plaintiff, he fails to cohesively articulate what the Defendants did wrong, how that caused his harm, and why he is intitled to relief. Due to Plaintiff's pro se status, he should be entitled to one more opportunity to file a motion for leave to amend the complaint. A motion for leave to

amend the complaint must be in accordance with the Local Rules, which require the motion include the proposed amended complaint. LCR 15.

If the Plaintiff chooses to file a motion for leave to amend the complaint, he must do so on or before October 23, 2020. Failure to address the fundamental flaws in the pleadings will result in dismissal of the remaining claims.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant USAA's Motion to Dismiss (Dkt. 71) is **GRANTED, IN PART**;
- Plaintiff's claims pursuant to The Fair Credit Billing Act, 15 U.S.C. § 1681s-2(a) of The Fair Credit Reporting Act, 16 C.F.R. § 660.4, and The Fair Debt Collections Practices Act are **DISMISSED, WITH PREJUDICE**;
- Plaintiff's remaining claims pursuant to The Fair Credit Reporting Act and claim pursuant The Equal Opportunity Credit Act are **DISMISSED, WITHOUT PREJUDICE**;
- Plaintiff's Motion for Leave of Court to Amend the Complaint (Dkts. 76 and 94) is **DENIED, WITHOUT PREJUDICE,** and**;**
- Plaintiff must file a motion for leave to amend his complaint, should he so choose, by October 23, 2020.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of September, 2020.

ROBERT J. BRYAN
United States District Judge