1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN SCOTT BJORNSON,<br><br>                Plaintiff,<br>   v.<br><br>EQUIFAX INC, USAA CREDIT CARD, and BANK OF AMERICA,<br><br>                Defendants. | CASE NO. 3:20-cv-05449 RJB<br><br>ORDER ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

       This matter comes before the Court on Plaintiff's Second Motion for Leave of Court to Amend the Complaint (Dkt. 112). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

       Plaintiff's lengthy proposed amended complaint is difficult to follow and is not the "short and plain statement" of his claims required by Federal Rule of Civil Procedure 8(a)(2), and he, after numerous opportunities, still fails in large part to make a plausible claim for relief. Plaintiff's motion should be denied, in part.

ORDER ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

## I.     FACTS AND PROCEDURAL HISTORY

### A. FACTS

Plaintiff, proceeding *pro se*, alleges that Defendants Equifax, USAA, and Bank of America caused the significant decline of his credit score.[1] Dkt. 112. He claims that he notified Equifax and the banks of fraudulent charges, but they failed to make proper adjustments to his financial record, which lowered his credit score and caused creditors to deny him personal and business lines of credit. Dkt. 112-3 at 4.

### B. RELEVANT PROCEDURAL HISTORY AND PENDING MOTION

Plaintiff filed his original complaint on June 17, 2020. Dkt. 5. Plaintiff previously moved for leave to amend his complaint, which the Court denied. Dkt. 108. In the same order, the Court dismissed Plaintiff's following claims with prejudice: 15 U.S.C. § 1601, *et. seq*. (Fair Credit Billing Act); 15 U.S.C. § 1681s-2(a) (Fair Credit Reporting Act); 16 C.F.R. § 660.4 (the Furnisher Rule); and 15 U.S.C. § 1692, *et. seq.*, (Fair Debt Collection Practices Act). *Id*.

Plaintiff now moves for the second time for leave to amend his complaint. Dkt. 112. Plaintiff's proposed amended complaint appears to reallege the claims previously dismissed with prejudice. Dkt. 112-3 at 2–3. Plaintiff also asserts claims not previously dismissed with prejudice, including claims pursuant to the Fair Credit Reporting Act (FRCA), most notably § 1681s-2(b); the Equal Credit Opportunity Act (ECOA); the Truth in Lending Act, 15 U.S.C. § 1666; and the Electronic Fund Transfers Act, 12 C.F.R. § 1005. *Id.* at 2–5.

## II.     DISCUSSION

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the

---

[1] Since filing his original complaint, Defendants Discover Bank and First National Bank of Omaha were dismissed by agreement of the Parties.

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon a showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Medical Ctr. of. S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

### A. CLAIMS PREVIOUSLY DISMISSED WITH PREJUDICE

Plaintiff appears to seek to reallege claims pursuant to 15 U.S.C. § 1601, *et. seq*. (Fair Credit Billing Act); 15 U.S.C. § 1681s-2(a) (Fair Credit Reporting Act); 16 C.F.R. § 660.4 (the "Furnisher Rule"); and 15 U.S.C. § 1692, *et. seq.*, (Fair Debt Collection Practices Act). Plaintiff may not bring claims previously dismissed with prejudice. Amendment, therefore, would be futile and Plaintiff's motion to amend pursuant to those claims should be denied.

### B. FAIR CREDIT REPORTING ACT

Plaintiff only discusses three claims with any specificity in his proposed amended complaint, all pursuant to the FCRA. He primarily asserts that Defendants violated 15 U.S.C. § 1681s-2(b), which requires furnishers of information to investigate disputed consumer information upon notice of dispute. Dkt. 112-3 at 3. He also alleges that Defendants violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681c-1(b). *Id.* at 3–4.

Plaintiff alleges that Defendants, including Defendant USAA, "failed to properly respond to the disputes in accordance with 15 U.S.C. § 1681s-2(b)." Dkt. 112 at 2. He continues, "[b]y clearly being notified and having knowledge of both the current and prior disputes which they

1  failed to update on the plaintiffs [sic] consumer credit report in violation of 15 U.S.C.A. 1681-

2  1681X . . . ." *Id.*  Plaintiff, however, included evidence in his original complaint that USAA

3  deleted a disputed item from his credit report, which implies some level of investigation and

4  response. Dkt. 10 at 75 ("INVESTIGATION RESULTS . . . USAA SAVINGS BANK: In

5  response to your dispute, this item was DELETED from your credit report.").  Although he has

6  had numerous opportunities, Plaintiff's proposed amended complaint fails to plausibly allege that

7  USAA did not reasonably investigate his disputed information.  Amendment appears futile and

8  Plaintiff's motion for leave to amend pursuant to 15 U.S.C. § 1681s-2(b) should be denied, with

9  prejudice.

10  Plaintiff additionally seeks to include claims pursuant to 15 U.S.C. § 1681c-1(b) and 15

11  U.S.C. § 1681e(b).  Section 1681c-1(b) requires a consumer reporting agency put a fraud alert on

12  upon receipt of proof of identity theft.  Section 1681e(b) requires a consumer reporting agency to

13  follow reasonable procedures to ensure accurate information.  Plaintiff successfully alleges that

14  Equifax failed to put a fraud alert on his account after receiving proof of identity theft.  Dkt. 112-

15  3 at 4–5.  He does not, however, allege that Equifax, or any of the Defendants, failed to use

16  adequate procedures to ensure accurate information. Plaintiff has successfully alleged a claim

17  pursuant to 15 U.S.C. § 1681c-1(b) against Equifax only.

18  **C.  EQUAL CREDIT OPPORTUNITY ACT**

19  The ECOA makes it "unlawful for any creditor to discriminate against any applicant . . .

20  on the basis of race, color, religion, national origin, sex or marital status, or age." *United States*

21  *v. Union Auto Sales, Inc.*, 490 F. App'x 847, 848 (9th Cir. 2012) (citing 15 U.S.C. § 1691(a)).

22  Plaintiff does not allege that he was discriminated against on any of those grounds.  The

23  Court previously dismissed Plaintiff's ECOA claim without prejudice because, although he had

24

not pled such facts, it was not clear that he could not.  Plaintiff has now had three opportunities to inform the Court of any such discrimination, and amendment now appears futile.  Plaintiff's motion pursuant to the ECOA should be denied, with prejudice.

### D.  TRUTH IN LENDING ACT

Plaintiff seeks to amend his complaint to allege that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1666.  Dkt. 112–13 at 5.  15 U.S.C. § 1666, is governed by a one-year statute of limitations.  *See* 15 U.S.C. § 1640.  As discussed in Order on Motion to Dismiss and Motion for Leave to Amend Complaint (Dkt. 108 at 5–6), Plaintiff's claim is barred by the statute of limitations.  Plaintiff's motion pursuant to the Truth in Lending Act is futile and should be denied, with prejudice.

### E.  ELECTRONIC FUND TRANSFERS ACT

Finally, Plaintiff moves to amend his complaint to state a claim pursuant to 1005 EFT Regulation E, 12 C.F.R. § 1005.  Dkt. 112-3 at 9.  "The primary objective of the act and this part is the protection of individual consumers engaging in electronic fund transfers and remittance transfers."  12 C.F.R. § 1005.1.

Plaintiff alleges that he notified "each of the creditors . . . of potential fraudulent electronic funds transfers which were unauthorized by Plaintiff."  Dkt. 112-3 at 10.  Since filing his original complaint, Plaintiff has filed hundreds of pages of evidence, and the proposed amended complaint alone is 211 pages including attachments.  The only supporting evidence offered for this claim, however, is a Payment Dispute Form claiming that he was fraudulently charged $6,347.48 on October 1, 2018.  Dkt. 112-1 at 91.  The form describes the error as, "USAA alleges that I made payments on charges which I disputed as fraudulent, which I did not make.  However [sic] payments Aug-Sept were authorized."  *Id.*  It is not clear from this form

whether Plaintiff filed it anywhere, what the disputed charge is, or what merchant made the charge. Plaintiff has had numerous opportunities to make clear the basic facts of his claim, including what payments he disputes, how he notified the Defendants of the errors, and how they failed to respond accordingly. His failure to do so demonstrates that amendment would be futile. Plaintiff's motion for leave pursuant to the EFTA should be denied, with prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Leave of Court to Amend the Complaint (Dkt. 112) should be **DENIED** with prejudice as to all claims and Defendants **EXCEPT** the claim under 15 U.S.C. § 1681c-1(b) against Defendant Equifax, and;

- All Defendants except Equifax are **DISMISSED**

- Within 14 days of this date, Plaintiff should submit a clean copy of the complaint against Equifax only, in short and plain statements without attachments.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of December, 2020.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge